CIACCIO, Judge,
dissenting.
At the time of the hearing of plaintiff’s appeal before the City Council, on August 11,1987, plaintiff was operating his restaurant business at 5538 Magazine Street and held all alcoholic beverage permits and occupational licenses required by law. The renovation permit applied for by petitioner covered air conditioning, plumbing and electrical work on the interior of the premises and for handicap access.
Those renovations would not change the use of the premises, i.e., standard restaurant, which is permitted under the existing zoning classification.
The moratorium ordinance, by its clear, unambiguous language, only applies to permits for the establishment of a bar, cocktail lounge or restaurant and to the issuance or renewal of a municipal alcoholic beverage permit. The ordinance contains no language to prohibit the interior renovation of existing businesses.
The validity of the licenses and permits held by Sidney’s must be presumed until otherwise adjudicated in appropriate proceedings.
Since petitioner is not seeking a permit to establish a bar, cocktail lounge or restaurant nor is he seeking the issuance of a municipal alcoholic beverage permit, Ordinance No. 11461 M.C.S. does not apply to his renovation permit application and it was error for the Department of Safety and Permits to deny it.
Assuming, arguendo, that the ordinance did apply, I find that the denial of his appeal by the City Council was arbitrary and capricious and was not based on competent evidence but upon mere conjecture.
The parties agree, and there was no dispute at the Council hearing, of the existence of the following facts:
1) Sidney’s Restaurant is located at the southeast corner of Magazine and Joseph Streets.
2) The property is Zoned B-2 Neighborhood Business District and a restaurant operation is a permitted use.
3) A restaurant with an accessory bar has previously operated at this location for 30 years.
4) The other three comers are occupied by a bar, a shopping center and an RTA bus bam.
5) Petitioner was operating a restaurant sometime in March, 1987 and was doing so on the date of the Council hearing.
The proposed renovations do not, in themselves, change the size of the business nor the nature of its operation. The well reasoned report of the City Planning Commission stated that the renovations would not thwart the purpose of the moratorium nor would it adversely impact the public *1342 health, safety and welfare of persons in the neighborhood.
No evidence to the contrary was presented at the Council hearing, only speculation as to anticipated future activities, specifically, that the renovations might facilitate the use of the premises by college students, that business would increase and that the neighborhood would be adversely impacted.
If the appeal process is to be meaningful, the Council must justify its action upon some factual basis, whether it be reports, verbal statements, or sworn testimony. Absent a record containing a factual basis for its actions, and in the face of overwhelming contrary evidence, the City Council had no legal or factual basis on which to deny petitioner’s appeal and the trial court was in error when it sustained the Council’s action on the grounds that its action was not “palpably arbitrary and capricious.”
Accordingly, I would reverse the judgment of the trial court and order the Department of Safety and Permits to issue the renovation permit.
AFFIRMED.
Before GARRISON, KLEES, BYRNES, CIACCIO and WARD, JJ.